UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cr-00027-SEB-TAB-01 |
| | ) | |
| GEORGE E. ROBEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Presently before the Court is the Government's Motion for Protective Order [Docket No. 79] seeking protection in the form of withholding or delaying production of specific materials requested by Defendant, George E. Robey, to wit: certain recordings between Mr. Robey and a confidential informant (CI), the CI's criminal history, and the CI's driving record. The Court has reviewed all relevant legal authorities and, for the reasons detailed in this entry, GRANTS the Government's Motion.[1]

On February 23, 2012, a grand jury issued a twenty-five count indictment alleging, *inter alia*, that Mr. Robey knowingly conspired to violate Sections 2321 (trafficking in illegally altered motor vehicles and/or motor parts) and 513(a) (trafficking in counterfeit securities) of Title 18 of the United States Code. Before the indictment was returned, the Government voluntarily granted defense counsel access to several items of discovery, including the following: copies of

---

[1] In light of the identical subject matter presented in the Government's motion and Defendant's Motion for Specific Discovery [Docket No. 85], the Court will treat Defendant's motion as a response to the Government's motion. Because we grant the Government's motion, we therefore DENY Defendant's motion.

1

consensual audio recordings between Mr. Robey and the CI on September 15 and 19, 2011; audio recordings of meetings between Mr. Robey, the CI, and an undercover officer on October 19 and November 22, 2011; and video recordings of these three-party meetings. The Government also subsequently furnished copious documents, DVDs, and other physical evidence to defense counsel. When Mr. Robey retained new counsel, the Government ensured that she had full access to the same evidence. The parties are currently preparing for jury trial on October 7, 2013.

Pre-trial discovery in criminal cases is governed by Federal Rule of Criminal Procedure 16. This rule allows the Government or the defendant to procure certain specified information possessed by the other during trial preparation. However, Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Rule 16 also does not permit discovery of statements made by prospective government witnesses prior to trial.[2] The Court is expressly authorized "[a]t any time . . . for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief," which may include a protective order. Fed. R. Crim. P. 16(d)(1). This is the relief the Government requests here.

Mr. Robey believes he is entitled to production of additional evidence as described *supra*; he has made his wishes known at a November 19, 2012 suppression hearing and through several letters he has written to the Court and the Government. One such letter directed to the Court states, "[M]y defense is one of entrapment and as such, to date, I have not been provided with the

---

[2]Once the trial commences, Defendant may invoke the Jencks Act, which requires the Government to produce statements of any of its witnesses "*after* [the] witness . . . has testified on direct examination." 18 U.S.C. § 3500(b) (emphasis supplied).

2

recorded tapes which clearly shows [sic] that I was not predisposed to be involved in the [conspiracy]." Docket No. 78 at 1. He sent another letter the following month demanding production of the CI's criminal history and driving record. Docket No. 83 at 1. Curiously, this letter indicates that "the Court have [sic] already ruled . . . that [CI]'s criminal history along with his driving record . . . be provided to my attorney." *Id.* The official transcript of Mr. Robey's suppression hearing makes clear that that Court has done no such thing:

> MS. PAUL:[3]  "CI No. 1 and Robey later discussed CI's license suspension."[4]
> . . .
> THE COURT:   Well, that wouldn't be a criminal history.
> MS. PAUL:   No, but it certainly goes to the fact that he's got a criminal history . . . [and] that certainly would go to his reliability.
> THE COURT:   It could have been a license suspension ten years ago, right?
> MS. PAUL:   Could have been.
> THE COURT:   And it could be reinstated for all we know from that reference.
> . . .
> THE COURT:   So it could be that the CI's remark was just a ruse, right?
> MS. PAUL:   In all respects, all of these remarks.
> . . .
> THE COURT:   [I]t's a recorded conversation, right?  So it could be about—it could be true or not true.  So we can't infer from this, and the magistrate judge shouldn't infer that there really was a license suspension, such as to impeach the CI's credibility, which is what you want me to conclude on that basis, but that excerpt doesn't support that conclusion.
> . . .
> I assume that fulsome discovery will occur now, to the extent that it hasn't already, and I think maybe it hasn't because Ms. Paul says she hasn't seen some things that I would have thought were vital parts of the Government's record.  So make them available, please, Ms. Jackson.
> MS. JACKSON:   We have spent considerable time with Miss Paul going through the evidence, providing her voluminous discovery in this case already.  And we will continue to do so.
> THE COURT: Okay, things like the confidential informant's criminal history?
> MS. JACKSON:   *We may not be calling the confidential informant at trial.*
> THE COURT:   Okay.

---

[3]Ms. Paul was defense counsel at the time of the suppression hearing. On February 7, 2013, Magistrate Judge Baker appointed Ms. Belle Choate as new counsel for Mr. Robey, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. *See* Docket No. 59.

[4]At this point in the hearing, Ms. Paul was reading from an affidavit.

Hrg. Tr. at 42-44, 55 (emphasis supplied).  We fail to see how the foregoing excerpts qualify as an order to produce the evidence Mr. Robey requests.  To be perfectly clear, it is not.

The Government has not yet determined—nor must it at this juncture—whether it intends to call the CI as a witness at trial.  Gov't Br. at 4.  It is therefore premature and inappropriate for the Court to demand that the Government produce the CI's criminal record and/or driving record, or to indicate in any way whether or not the CI will be a Government witness.  To the extent Defendant requests access to the Government's pre-decisional materials, such as evidence informing the Government's decision to call a CI to the stand at trial, these materials are privileged.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 & n.18 (1975).  Well-settled Seventh Circuit precedent establishes that "the United States Attorney is not answerable to a judge for [certain pre-trial] deliberations . . . [because they] are covered by multiple privileges."  *In re United States*, 398 F.3d 615, 618 (7th Cir. 2005).  For purposes of this case, the deliberative process privilege, which "covers memoranda and discussions within [the U.S. Attorney's office] leading up to the formulation of an official position," applies.  *Id.* (citing *NLRB*, 421 U.S. at 151).

Although Federal Rule of Civil Procedure 26 generally permits discovery of non-privileged evidence, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  Mr. Robey argues that obtaining these records and audiovisual materials would "help him locate" an individual "[whose] name is a common name" for a "potential" interview and/or to call him as a witness.  Def.'s Br. at 1.  Assuming this information is germane to the purposes for which Mr. Robey allegedly intends to use it, he must establish a "particularized need for the documents" in question.  *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993).  The "particularized need" asserted by the defendant

4

must outweigh the countervailing interest in maintaining necessary confidentiality, if that confidentiality relates to the Government's decision making. *Id.* at 1389; *K.L., L.F., & R.B. v. Edgar*, 964 F. Supp. 1206, 1208 (N.D. Ill. 1997); *see also United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982) (noting that "[t]he confidentiality of informers serves an important law-enforcement interest, especially in 'victimless' crimes").

Here, because Mr. Robey has not demonstrated that the CI's criminal and/or driving record would be material to his defense or could undermine the CI's credibility (or, for that matter, that he could not have obtained this information from any other source[5]), we find that he has failed to establish a particularized need for this information. With respect to the recordings Mr. Robey seeks, we find that the Government has, in fact, already granted defense counsel broad access to video and audio recordings from September and October 2011. We further find that the Government suitably ensured that defense counsel, Ms. Choate, was able to examine the same evidence presented earlier to preceding counsel, Ms. Paul. These disclosures, combined with Mr. Robey's failure to identify any specific recorded meeting or evidence of a conversation he believes the Government is withholding, justify our conclusion that he also has not demonstrated a particularized need for this recorded evidence (whatever such evidence may be).

Although the Constitution affords many rights to criminal defendants, it does not require that a defendant in a non-capital case have access to a list of all prospective government witnesses, so long as there is no *Brady v. Maryland* exculpatory evidence in the possession of the Government. *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989); *United States v.*

---

[5]The Supreme Court "does not place any burden upon the government to conduct a defendant's investigation or assist in the presentation of the defense's case." *Harris v. Kuba*, 486 F.3d 1010, 1015 (7th Cir. 2007) (citation omitted).

*Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987). Regarding this principle, Congress has explicitly stated:

> [I]t is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony were deemed paramount concerns in the formulation of this policy.

H.R. REP. NO. 94-414, at 716 (1975). Nor does Rule 16 place any such onus upon the Government. *United States v. Bouye*, 688 F.2d 471, 473-74 (7th Cir. 1982). The 1974 Advisory Committee Notes accompanying Rule 16 indicate the scope of protective orders during discovery as follows: "Although the rule does not does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16 (Adv. Comm. note, subsection (d)(1) (1974)). Likewise, the 1975 Advisory Committee notes for the same rule reinforce that, in general, "the purpose of the protective order is to conceal that witness'[s] identity." *Id.* (Adv. Comm. note, subsection (d)(1) (1975)). These policy considerations mean that Mr. Robey must make a substantial showing of need in order to discover the informant information he seeks: "a genuine need, something beyond the naked assertion of his [constitutional] right to confront and cross-examine." *United States v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992). He has not done so; accordingly, the Government's request for a protective order is wholly appropriate.

Because Mr. Robey's trial has not yet commenced, discovery of certain information he has requested is premature. The Jencks Act does not require the Government to produce impeaching information concerning witnesses until trial itself. *Palermo v. United States*, 360 U.S. 343, 347 (1959); *United States v. Beltran*, 109 F.3d 365, 369 (7th Cir. 1997). Clearly, if the Government

elects not to call the CI as a witness, the Jencks Act will not be triggered. The Government has indicated its willingness to produce the requested information a week before trial in the event that the CI does testify in its case in chief. In our view, this offer is reasonable and amply satisfies the Government's discovery obligations at this juncture of the litigation.

We note again that *Brady v. Maryland*, 373 U.S. 83, 87 (1963), obligates the Government to disclose favorable (exculpatory and impeachment) evidence that is material to the case. *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny therefore require disclosure of materials which may impeach or discredit a Government witness. *See Fields v. Wharrie*, 672 F.3d 505, 512-13 (7th Cir. 2012). However, pursuant to *United States v. Agurs*, 427 U.S. 97, 109 (1976), defense counsel does not have a constitutional right to unrestricted access to the Government's files. In any event, the foregoing rights attach at trial; they are not discovery rights. *See United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984). Mr. Robey's request for specific discovery request is therefore not justifiable.

For the reasons discussed above, the Court GRANTS the Government's Motion for Protective Order and DENIES Defendant's Motion for Specific Discovery.

IT IS SO ORDERED.

Date:   07/31/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sharon M. Jackson
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street Suite 2100
Indianapolis, IN 46204
(317) 226-0560
sharon.jackson@usdoj.gov

Belle T. Choate
CHOATE & HAITH
151 N. Delaware Street Suite 740
Indianapolis, IN 46204
(317) 634-2880
choate@iquest.net